## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH C. SWANN, AND REBECCA SWANN, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No. 07-350-<br>)<br>) Trial By Jury Demanded |
| DIAMOND STATE PORT, CORPORATION, | )<br>)<br>) |
| Defendant. | )<br>) |

### COMPLAINT

1. The plaintiffs, Kenneth C. Swann and Rebecca Swann, are married individuals who reside in the State of Delaware.

2. The defendant, Diamond State Port Corporation, is a corporation organized and existing under the laws of the State of Delaware, whose agent for service of process is: Diamond State Port Corporation, Robert F. Senseny Building, 1 Hausel Road, Wilmington, Delaware 19801.

### JURISDICTION

3. At all times relevant herein, the defendant, Diamond State Port Corporation. (hereinafter referred to as "Diamond State") operated a business of a marine port within the State of Delaware.

4. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1161 et.seq. regarding COBRA post-employment health insurance continuation coverage.

5. The venue in this matter lies in this district under 28 U.S.C. §1391(b), as all of the defendant's actions occurred in the District of Delaware.

## FACTS

6. The plaintiff, Kenneth Swann, was hired by the defendant on November 1, 1975.

7. The plaintiff, Kenneth Swann, was injured during the course of his employment on November 6, 2001.

8. As a result of the injuries suffered by the plaintiff, Kenneth Swann on or about November 6, 2001 the plaintiff, Kenneth Swann was notified on February 3, 2006, by a letter from the defendant, that his employment was terminated that date, effective December 1, 2001.

9. By the letter dated February 3, 2006 notifying the plaintiff, Kenneth Swann of his termination of employment, he was informed that the defendant's representative COBRASERVE would provide him, "in a timely matter" notification of his right for continued medical coverage through COBRA.

10. The letter of February 3, 2006 informed the plaintiff, Kenneth Swann that his health insurance terminated as of February 1, 2006.

11. At the request of the defendant, Diamond State, Diamond State's COBRA representative, COBRASERVE sent plaintiff, Kenneth Swann notice of his COBRA rights on June 5, 2006.

12. COBRASERVE's notice to the plaintiffs of June 5, 2006 represented that plaintiff, Kenneth Swann's date of termination was May 31, 2006, notwithstanding the notice of his termination contained in defendant's letter of February 3, 2006.

13. As a direct result of the termination of the plaintiff, Kenneth Swann's employment and his employment benefits, and the failure to provide him timely COBRA notice, the plaintiffs have incurred uninsured medical expenses in excess of $5,600.

## COUNT I

### Failure to Provide Notice under COBRA
### (29 U.S.C. §1161 et.seq.)

14. The plaintiffs incorporate herein and makes a part hereof the allegations contained in paragraphs 1 through 13.

15. The plaintiff, Kenneth Swann was a covered employee within the meaning of 29 U.S.C. §1167(2).

16. The plaintiff, Kenneth Swann was an individual who was employed by the defendant, and was covered under the Diamond State's Healthcare Plan provided through Delaware Blue Cross and Blue Shield, for which the defendant was the plan administrator, sponsor, and fiduciary.

17. The Diamond State's healthcare plan is a "group health plan" within the meaning 29 U.S.C. §1167 and/or a "multi-employer plan" within the meaning of 29 U.S.C. §1002(37)(A)(i).

18. The plaintiff, Kenneth Swann's termination was a qualifying event within the meaning of 29 U.S.C. §1163(2).

19. The defendant, Diamond State, was required to notify the plaintiff, Kenneth Swann of his right to elect to continue health coverage for an 18 month period following his termination pursuant 29 U.S.C. §1162(2)(a)(i).

20. The defendant, Diamond State, was required to notify the plaintiff, Kenneth Swann that he had 60 days from the date of his termination to elect COBRA continuation coverage pursuant to 29 U.S.C. §1165(a)(1)(B).

21. The defendant, Diamond State, was required to notify Diamond State's Health Plan administrator, sponsor, and fiduciary of Diamond State's healthcare plan of the plaintiff, Kenneth Swann's termination within 30 days, pursuant to 29 U.S.C. §1166(a)(2).

22. The defendant, Diamond State, acting as the Healthcare Plan administrator, sponsor, and fiduciary of the healthcare plan, was required to notify the plaintiff, Kenneth Swann of his right to elect continuation coverage under COBRA within 14 days of notification from the defendant, On-Site, pursuant to 29 U.S.C. §§1166(a)(4)(A) and 1166(c).

23. The defendant was required to notify the plaintiff, Kenneth Swann that he had 45 days after the date of the election of continued coverage in which to make the first premium payment pursuant to 29 U.S.C. §1162(3).

24. The defendant was required to set a premium for COBRA continuation coverage at a rate not exceeding 102% of the applicable premium pursuant to 29 U.S.C. §1162(3)(A).

25. The defendant has failed to provide any of the timely notices required by the statutes listed herein.

26. The defendant's actions violated the notice requirements of 29 U.S.C. §§1165(1), 1162(3) and 1166(a)(2)

27. As a result of the defendant's violations of Federal Law, the plaintiffs and the plaintiffs' family have been without necessary medical coverage and have suffered damages.

28. As a further direct and proximate result of the defendant's violation of Federal Law the plaintiffs have suffered great mental pain, suffering and anguish.

**WHEREFORE**, the plaintiff demands judgment against the defendant as follows:

    a. A judgment in a fair and reasonable amount against the defendant and in favor of the plaintiffs for any damages suffered by the plaintiffs.

  b.  For statutory liquidated damages.

  c.  For prejudgment and post-judgment interest.

  d.  For any other consequential damages.

  e.  For reasonable attorney fees.

  f.  For such other and further relief as this Court deems just and appropriate.

             ABER, GOLDLUST, BAKER & OVER

             _/s/ Gary W. Aber_____
             GARY W. ABER (DSB #754)
             702 King Street, Suite 600
             P.O. Box 1675
             Wilmington, DE  19899
             (302) 472-4900
             Attorney for Plaintiff

DATED: June 1, 2007

js 44
(REV. 07/89)

# CIVIL COVER SHEET

07-350

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papaers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Kenneth C. Swann, and Rebecca Swann

b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gary W. Aber, Esquire, Aber, Goldlust, Baker & Over, 702 King Street, Suite 600, Wilmington, DE 19801

## DEFENDANTS
Diamond State Port Corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   New Castel
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government
☐ 2 U.S. Government Defendant
☒ 3 Federal Question
☐ 4 Diversity (Indicated Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | incorporated or Principal Place Of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

28 U.S.C. §1331

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 26 USC 158 | ☐ 422 State Reapportienment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | 365 Personal Injury -- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 681 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits |  | ☐ 380 Other Personal Property Damage |  | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization |
|  |  |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Equipment | ☐ 443 Housing/ Accommodations | ☐ 530  General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535   Death Penalty |  | ☐ 871 IRS -- Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statues |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  | ☐ Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Right |  |  |  |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23    DEMAND $    Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____    DOCKET NUMBER _____

DATE
June 1, 2007

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

```
```
AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ___- 07-350 -___

## ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

___6/1/07___
(Date forms issued)

___Jonathan Durandetta___ (signature)
(Signature of Party or their Representative)

___Jonathan Durandetta___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action