IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH C. SWANN and REBECCA SWANN,<br><br>    Plaintiffs,<br><br>v.<br><br>DIAMOND STATE PORT CORPORATION,<br><br>    Defendant. | C.A. No. 07-350-*** |

## ANSWER AND COUNTERCLAIM OF DIAMOND STATE PORT CORPORATION

### ANSWER TO COMPLAINT

Diamond State Port Corporation ("DSPC") hereby responds to the numbered paragraphs to the Complaint as follows:

1. DSPC is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

2. The allegation in this paragraph are denied to the extent that they characterize DSPC in a way inconsistent with 29 Del. C. § 8735. DSPC avers that its offices are located at Port of Wilmington, 1 Hausel Road, Wilmington, Delaware 19802.

3. The allegations in this paragraph are denied to the extent that they characterize DSPC in a way inconsistent with 29 Del. C. § 8734.

4. Denied, except DSPC admits that the Court has jurisdiction over this matter.

5. Admitted.

6. Admitted.

7. Denied, except DSPC admits that plaintiff Kenneth Swann ("plaintiff) sustained an injury in or around November 2001.

8. Denied, except DSPC admits that it sent to plaintiff a letter dated February 3, 2006, and DSPC relies on that letter for a true and accurate statement of its content.

9. Denied, except DSPC admits that it sent to plaintiff a letter dated February 3, 2006, and DSPC relies on that letter for a true and accurate statement of its content.

10. Denied, except DSPC admits that it sent to plaintiff a letter dated February 3, 2006, and DSPC relies on that letter for a true and accurate statement of its content.

11. Denied, except DSPC admits that COBRASERVE sent to plaintiff a notice dated June 6, 2006, and DSPC relies on that notice for a true and accurate statement of its content.

12. Denied, except DSPC admits that COBRASERVE sent to plaintiff a notice dated June 6, 2006, and DSPC relies on that notice for a true and accurate statement of its content. As set forth more fully in DSPC's Counterclaim, *infra*, DSPC avers that plaintiff applied for and accepted a disability pension from the State of Delaware State Board of Pension Trustees and Office of Pensions ("State Pension Office") in late 2002 to early 2003. The effective date of plaintiff's disability retirement was set at December 1, 2001. Since November 2001, plaintiff had been collecting Workers' Compensation benefits, and he continued to collect those benefits because they were greater than plaintiff's calculated pension benefit. Importantly, however, plaintiff never informed DSPC that he had retired. Thus, DSPC was ignorant of plaintiff's retirement and believed him to be on Workers' Compensation disability status. As such, DSPC continued to pay to or for plaintiff, at plaintiff's urging, health insurance benefits, life insurance benefits, vacation pay and holiday pay. As part of an internal audit performed in

early 2006, DSPC discovered for the first time that plaintiff had retired. On February 3, 2006, DSPC wrote to plaintiff and informed him that it would no longer pay the benefits he had wrongfully collected after his retirement. Plaintiff responded by threatening to sue DSPC for allegedly failing to provide him with a timely COBRA notice after his retirement – which, again, he accepted without ever notifying DSPC. In response to his threat, COBRASERVE issued the June 6, 2006 notice in an effort to provide plaintiff with the opportunity to avail himself of COBRA benefits (and not, as implied in plaintiff's Complaint) to somehow deceive plaintiff. At the same time, DSPC offered to make available to plaintiff its own retiree health insurance, and to pay any medical fees and costs plaintiff incurred that DSPC had not already covered. When offered the opportunity to choose COBRA benefits or DSPC's health retiree insurance coverage, plaintiff chose DSPC's plan. He failed, however, to accept DSPC's offer to cover unpaid medical bills and costs and instead filed this unnecessary lawsuit.

13. Denied.

14. DSPC repeats and incorporates herein its responses to all of the preceding paragraphs of the Complaint.

15. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, DSPC denies the allegations of this paragraph.

16. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, DSPC denies the allegations of this paragraph.

17. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, DSPC denies the allegations of this paragraph.

18. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, DSPC denies the allegations of this paragraph. DSPC avers that plaintiff was never "terminated" by DSPC – he retired.

19. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, DSPC denies the allegations of this paragraph.

20. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, DSPC denies the allegations of this paragraph.

21. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, DSPC denies the allegations of this paragraph.

22. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, DSPC denies the allegations of this paragraph.

23. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, DSPC denies the allegations of this paragraph.

24. This paragraph states a legal conclusion to which no response is required. To the extent that a response is required, DSPC denies the allegations of this paragraph.

25. Denied.

26. Denied.

27. Denied. DSPC further avers that before plaintiff filed this lawsuit, DSPC offered to pay all of the medical bills that are the basis of this lawsuit.

28. Denied.

## AFFIRMATIVE DEFENSES

29. The Complaint fails to state a claim upon which relief can be granted against DSPC.

30. Plaintiff has failed to exhaust his administrative remedies.

31. Plaintiff's claims are barred by the applicable statutes of limitations.

32. Punitive damages, legal fees and costs may not be recovered from DSPC.

33. Plaintiff's claims are barred by waiver and/or estoppel.

34. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

WHEREFORE, DSPC prays that judgment be entered in its favor against plaintiffs on all claims and that it be awarded its attorneys' fees, costs and such other and further relief as the Court deems appropriate.

## COUNTERCLAIM AGAINST PLAINTIFFS

1. DSPC repeats and incorporates herein its responses to all of the preceding paragraphs of the Complaint.

2. This Court has jurisdiction to adjudicate this counterclaim pursuant to 28 U.S.C. § 1367.

3. In November 2001, plaintiff was injured while working for DSPC. Shortly after his injury, plaintiff applied for and began collecting Workers' Compensation disability benefits. He continued to collect Workers' Compensation total disability benefits until May 2004, and then he switched to partial disability benefits.

4. In November 2002, plaintiff applied for a disability retirement pension with the State Pension Office.

5. Unbeknownst to DSPC, in April 2003 the State Pension Office granted plaintiff's disability retirement pension application and set the effective date of his retirement as December 1, 2001. DSPC has a pension resolution providing that disability retirees may continue to collect Workers' Compensation benefits if those benefits exceed the amount of disability pension benefits. Since that was the case with plaintiff, plaintiff continued to collect Workers' Compensation benefits.

6. From December 2001 through January 2006, DSPC continued to provide plaintiff with health insurance and life insurance benefits. Plaintiff was not entitled to these benefits by virtue of the fact that he was a retired employee. During the three-year period prior to the date of this Counterclaim, DSPC paid not less than $15,229.17 for health and life insurance for plaintiff. DSPC did so on the mistaken belief that plaintiff was still an active employee, which he was not. Plaintiff was not entitled to receive the benefit of these payments.

7. From December 2001 through January 2006, DSPC continued to pay plaintiff for unused vacation days. DSPC did so at the prompting of plaintiff who fraudulently misrepresented to DSPC that he was an active employee who was merely out of work on Workers' Compensation disability status and who fraudulently failed to disclose to DSPC that he had in fact retired. During the three-year period prior to the date of this Counterclaim, DSPC paid to plaintiff not less than $5,881.40 for unused vacation days. Plaintiff was not entitled to receive these benefits.

8. DSPC is entitled to recover from plaintiff not less than $21,110.57 in benefits and pay that it mistakenly paid to him or for his benefit.

WHEREFORE, DSPC demands judgment in its favor and against plaintiffs/counterclaim defendants as follows:

a. an award damages of not less than $21,110.57;

b. an award of attorneys fees and costs; and

c. other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jason A. Cincilla
Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200
   *Attorneys for Defendant/Counterclaim Plaintiff*
   *Diamond State Port Corporation*

August 6, 2007
1093573v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2007, copies of the foregoing ANSWER AND COUNTERCLAIM OF DIAMOND STATE PORT CORPORATION were served as follows:

<u>Via Hand Delivery and Electronic Mail</u>:

Gary W. Aber, Esq.
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
PO Box 1675
Wilmington, DE 19899
gaber@gablawde.com

Jason A. Cincilla (#4232)